Preeta D. Bansal, Solicitor General of the State of New York, New York, NY, for Eliot L. Spitzer, Attorney General (Edward D. Johnson, Deputy Solicitor General, and Melanie L. Oxhorn, Patrick J. Walsh, Assistant Solicitors General, of counsel), for Respondent–Appellee.

Before: WINTER, Chief Judge, and KEARSE, WALKER, JACOBS, LEVAL, CALABRESI, CABRANES, PARKER, POOLER, SACK, SOTOMAYOR, and KATZMANN, Circuit Judges.*

PER CURIAM.

This is a petition under 28 U.S.C. § 2254 challenging a New York State narcotics conviction on the ground that the trial judge ordered the courtroom closed during the testimony of an undercover police officer under circumstances that do not conform to the constitutional standards. The district court denied the petition. A panel of this court reversed, directing that the petition be granted. We voted to rehear the appeal in banc.

At the in banc argument, the Attorney General of the State of New York took the position, like the petitioner, that the hearing evidence relating to the undercover officer's personal safety and effectiveness did not comport with governing standards developed in the opinions of the Supreme Court and this court.

Because both sides take the same position, we have no dispute to adjudicate that warrants consideration by the in banc court. Accordingly, the in banc court dissolves itself and remands the matter to the panel for adjudication in the light of the Attorney General's concession.

Rose Ann BROWN, Petitioner–
Appellant,

v.

Anginell ANDREWS, Superintendent
of Albion Correctional Facility,
Respondent–Appellee.

Docket No. 98–2717.

United States Court of Appeals,
Second Circuit.

REMANDED FROM IN BANC
COURT: Aug. 7, 2000.

Decided: Aug. 9, 2000.

Before: KEARSE and CALABRESI, Circuit Judges, and HAIGHT, District Judge.*

---

* Judge Straub disqualified himself and did not participate.

* The Honorable Charles S. Haight, Jr., United States District Judge for the Southern District of New York, sitting by designation.

**635**

PER CURIAM:

This is a petition under 28 U.S.C. § 2254 challenging a New York State narcotics conviction on the ground that the trial judge ordered the courtroom closed during the testimony of an undercover police officer under circumstances that do not conform to the constitutional standards. The district court denied the petition. This panel reversed, directing the petition to be granted. The court voted to rehear the appeal *in banc.*

At the *in banc* argument, the Attorney General of the State of New York, representing the interests of the State in opposition to the petition, took the position that the hearing evidence did not comport with governing standards for closure. Because there was no dispute between the parties on the propriety of the closure, the *in banc* court dissolved itself and remanded the appeal to the panel to be resolved on the basis of the Attorney General's concession.

On the basis of the Attorney General's concession, and without considering the merits of the question, we reverse the judgment of the district court and remand with instructions to grant the petition. Our prior opinion dated June 18, 1999 is hereby vacated.